[Civ. No. 1448.   Second Appellate District.—January 9, 1914.]

CITY OF HANFORD (a Municipal Corporation), Respondent, v. D. C. WILLIAMS, City Clerk of the City of Hanford, Appellant.

MUNICIPAL CORPORATION—MANDAMUS TO COMPEL COUNTERSIGNING BONDS —VALIDITY OF ELECTION—NONPREJUDICIAL ERROR IN COUNTING BALLOTS.—Where, on appeal by a city clerk from a judgment granting a peremptory writ of mandate commanding him to countersign certain municipal bonds, it appears that, conceding all the appellant claims as to the erroneous rulings of the court in counting the ballots voted for the issuance of the bonds, the election was carried by more than a two-thirds vote of the legal ballots cast, such erroneous rulings could not have affected the result and hence are not prejudicial to the appellant or ground for reversal of the judgment.

APPEAL from a judgment of the Superior Court of Kings County and from an order refusing a new trial. J. A. Allen, Judge presiding.

The facts are stated in the opinion of the court.

J. L. C. Irwin, for Appellant.

F. E. Kilpatrick, for Respondent.

SHAW, J.—The petition of plaintiff for a peremptory writ of mandate, commanding defendant as city clerk to countersign eighty municipal bonds therein described, was granted. Defendant appeals from the judgment and an order denying his motion for a new trial.

The court found that, for certain reasons stated, a number of the ballots cast, both for and against the issuance of the bonds, were not entitled to be counted; that of the number of ballots voted at the special election held for submitting to the electors of the city of Hanford the question of the issuance of the bonds, 813 thereof were legal and valid, and of the legal ballots so cast whereby the voters gave expression to their choice as to whether or not the bonds should be issued, 543 thereof were in favor of the issuance of the bonds and 267 were opposed to the proposed issuance thereof. Of the

twelve ballots excluded from the count by the court, appellant attacks the ruling of the court only as to seven thereof, thus conceding the ruling in excluding the other five ballots to be correct. Of these seven ballots which he insists should have been counted, four were voted in opposition to the issuance of the bonds, and three were in favor of the issuance thereof. Hence, if the court had not committed the alleged errors, but had counted the seven ballots exactly as appellant insists it should have done, it would have added four votes to the 267 counted against the bonds, making a total of 271 votes opposed to the proposition, and added three votes to the 543 cast in favor thereof, making a total of 546 votes in favor of the issuance of the bonds. It thus appears that, conceding all that appellant claims, the bonds were carried by a vote of more than two-thirds of the legal ballots voted at the special election submitting the proposition to the voters of the city. Conceding, therefore, that the court erred in its rulings as claimed by appellant, it is apparent that defendant's rights were not prejudiced by reason of such rulings. Had the rulings been otherwise, such fact could not have affected the result. "No judgment, decision, or decree shall be reversed or affected by reason of any error, ruling, instruction, or defect, unless it shall appear from the record that such error, ruling, instruction, or defect was prejudicial, and also that by reason of such error, ruling, instruction, or defect, the said party complaining or appealing sustained and suffered substantial injury, and that a different result would have been probable if such error, ruling, instruction, or defect, had not occurred or existed." (Code Civ. Proc., sec. 475.) While there is a difference of three votes in the number of ballots found by the court to have been actually cast and the total number of votes as found by the court to have been cast for and against the proposition, we cannot presume that the three votes thus unaccounted for in the findings were in fact cast in opposition to the proposition; on the contrary, every intendment being in favor of the judgment, we must assume that they were favorable, rather than otherwise, to the issuance of the bonds. As presented by counsel for appellant, the appeal is wholly without merit.

The order and judgment are, therefore, affirmed.

Conrey, P. J., and James, J., concurred.